## SCOTT *v.* FREEMAN.

LIENS—EQUITY—EVIDENCE—SUFFICIENCY.

> Where plaintiff, for the purpose of having a home with her niece and husband, and also to aid them, put her home into a farm purchased by them on contract, she was not equitably entitled, on the loss of the farm through foreclosure of the land contract, to a lien on personal property bought individually by the niece's husband.

Appeal from Kent; Perkins (Willis B.), J.    Submitted April 11, 1924.    (Docket No. 62.)    Decided June 2, 1924.

Bill by Mary C. Scott against Chauncey H. Freeman and another to establish a lien upon certain personal property.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

*Fred C. Temple* and *R. L. Newnham*, for plaintiff.

*John M. Dunham* and *Paul E. Cholette*, for defendants.

Moore, J.    The defendants are husband and wife. The plaintiff is the aunt of defendant LaVanche Freeman.    In December, 1920, the defendants were residents of Ionia county.    The plaintiff was the owner of a house and lot in Grand Rapids.    They were all desirous of getting a farm and finally purchased one on a land contract from one Edgar A. Smith.    The consideration named in the contract was the sum of $12,746.    This contract was signed by all the parties. At the time it was signed, Mrs. Scott made a deed of her Grand Rapids property and it was treated as a payment on the land contract, for the sum of $5,000. At the time the contract was made there was also sold to Mr. Freeman a quantity of personal property which was on the farm.    It is the claim of the plaintiff that the personal property was valued at $1,746, and that its purchase and the purchase of the farm was all one transaction.    It is the claim of the Freemans that the purchase of the personal property was made by Mr. Freeman for $1,000; that he had auctioned off his personal property on the Ionia farm and that he needed time in which to pay for the new purchase and to secure the payment he gave a chattel mortgage for the purchase price on the personal property he bought for $1,000, and that he paid this chattel mortgage when it came due from the proceeds of his Ionia personal property, and that Mrs. Scott had nothing to do with the purchase price of the personal property.

It is evident the motive of Mrs. Scott in putting her Grand Rapids property into the farm was to help her niece and the other defendant, and also to have a home with the defendants as she desired and needed it.    It is agreed that she was to have a home with the defendants, but there was no writing drawn in relation to this, and the agreement is somewhat hazy.

The defendants entered upon the farm and the plaintiff spent such time there as she desired.    It soon

became evident the defendants could not make the payments as they became due, and during the second year they were notified that the grantor in the land contract would forfeit it for nonpayment. The plaintiff was also notified and with her attorney visited the defendants and talked over the situation with a view of saving something for the plaintiff.

The attorney suggested that defendants assign their interest in the land contract to the plaintiff so that she might find a purchaser and save something for herself. The defendants complied with this request but unfortunately for all concerned, a purchaser could not be found, and the land contract was forfeited.

The plaintiff filed the bill of complaint in this case to reach some of the personal property which passed into the possession of defendant Chauncey H. Freeman at the time the farm was purchased and subsequently. The case was heard in open court. The chancellor expressed himself in part as follows:

"The understanding between the plaintiff and the defendants was that in consideration of her transfer of her home as a part of the purchase price for this farm she should have a home with the defendants as long as she desired to remain with them. This understanding was oral, and is more or less indefinite in its terms.

"The consideration for the personal property, according to the claim of the defendants, was $1,000. The plaintiff claims that it was $1,746, the $746 being included in the land contract. The $1,000 for the personal property was paid exclusively by the defendant, Chauncey H. Freeman, out of moneys received on the sale of his property of a like character in Ionia county. The fact that a note and chattel mortgage to secure such payment were made by the defendants solely in the absence of any evidence to the contrary, would indicate that the property was theirs and that the plaintiff had no interest therein. The effort is made in this proceeding, after the farm has become lost, to impress this personal property with some sort of a lien, by means of which the plaintiff may, in

small measure at least, be reimbursed for the amount she paid on the purchase price of the farm.

"The sole question of fact is as to whether the consideration for the personal property was $1,746 as the plaintiff claims, or $1,000 as the defendants claim. The plaintiff, when first called upon the witness stand, testified unequivocally that the purchase price of the personal property was $1,000, and of the farm $12,746. She later corrected this, and produced as a witness on the following day, the vendor Mr. Smith, who testified that the purchase price of the farm was $12,000, and of the personal property $1,746. This testimony is contradicted by the testimony of both defendants and by the written documents. After default had been made in the payments provided for in the land contract, the plaintiff took an assignment of the contract in an effort to save her investment, but was unsuccessful."

A decree was made dismissing the bill of complaint and the case is brought into this court by appeal. The pivotal questions involved are questions of fact. No one acted in bad faith. No deceit was practiced. There is nothing to indicate that loosely worded and informal as the agreement was in reference to the plaintiff having a home with defendants, that the parties would not fully perform it if they could. The transaction has been very unfortunate for everybody connected with it except the man who sold the farm. The plaintiff has lost property valued at $5,000. The defendants have put in two years of work without any profit to themselves. The plaintiff has not made a record which authorized the court below, or this court, to grant her relief.

The decree is affirmed, with costs to the appellees.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.